**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: UNASSIGNED**

| | | |
|---|---|---|
| **GOOD BETTER BEST, INC.**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendants.** | : | **Case No. 26-4748** |

## COMPLAINT

Plaintiff Good Better Best Inc., for its complaint against Defendant United States does hereby state and allege as follows:

## CAUSE OF ACTION

1. This action is commenced to challenge the denial of plaintiff's protest which contested the exclusion from entry into the United States of certain body panel and chassis assemblies, manufactured in and imported from Vietnam.

## JURISDICTION

2. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(a).
3. All requisite duties, taxes, and fees were paid or deposited prior to the commencement of this action.

## PARTIES

4. Plaintiff Good Better Best is a corporation organized and existing under the laws of the State of Texas. It is an importer and wholesaler of components for electric vehicles, including the body panel and chassis assemblies which are the subject of this action.

5. Defendant the United States is the Federal defendant. The actions complained of in this case were taken by its agency United States Customs and Border Protection, which is organized within the Department of Homeland Security.

## STATEMENT OF FACTS

6. On April 25, 2026, plaintiff caused the chassis and body panel assemblies which are the subject of this action to be imported at the Port of Los Angeles/Long Beach, California under cover of the consumption entry identified in the Summons to this action.

7. The goods, in their condition as imported, consist of a rigid, welded steel chassis frame, manufactured from cut, formed, and welded steel tubing and T4/T6 treatment stamped steel components, which provides the load-bearing structure of a golf cart to be manufactured in the United States. Additionally, it features molded and assembled exterior body panels, suspensions, steering knuckles, shock absorbers and mechanical linkages, structural points for future electrical and powertrain installation, and includes an integrated motor controller. In its condition as imported, the product will does not contain the electric motor, battery pack, powertrain electronics, steering wheel, brakes, road wheels, roof, windscreens, or accessory equipment.

8. In New York Customs Ruling N357384 of January 28, 2026, United States Customs and Border Protection (CBP) held that the subject merchandise was properly classified under subheading 8707.10.0020, HTSUS, which provides for "Bodies (including cabs), for the motor vehicles of headings 8701 to 8705: For vehicles of heading 8703: For passenger automobiles." The general rate of duty is 2.5 percent, ad valorem.

9. Pursuant to 19 C.F.R. § 177.9(c), New York Customs Ruling N357384 of January 28, 2026 represents the official position of United States Customs and Border Production on the subject matter discussed therein, and is binding on call Customs and Border Protection personnel.

10. The goods covered by this action were imported under cover of the Los Angeles/Long Beach consumption entries identified in the Summons in this action on April 25, 2026.

11. Without explanation, Customs excluded the merchandise from entry on May 5, 2026.

12. Plaintiff timely protested the deemed exclusion of its merchandise on July 8, 2026. Pursuant to 19 U.S.C. § 1499 and C.F.R. § 174.21, the protest was deemed denied 30 days later, on August 7, 2026.

13. Plaintiff thereafter timely commenced this action to challenge the exclusion of its merchandise.

## **COUNT I**

14. Paragraphs 1 through 13 are incorporated by reference as though fully set out herein.

15. New York Customs Ruling N357384 of January 28, 2026 establishes that the subject chassis and body panel assembles are admissible into the United States when classified under subheading 8707.10.0020, HTSUS

16. Plaintiff entered the subject merchandise under subheading 8707.10.0020, HTSUS in accordance with the ruling.

17. On information and belief, there is no basis for Customs to exclude the merchandise from entry, and Customs has not communicated any grounds for exclusion.

18. Plaintiff's protest against the deemed exclusion of its merchandise should be allowed, and the goods released to plaintiff.

**COUNT II**

19. Paragraphs 1 through 18 are incorporated by reference as though fully set forth herein.

20. A Customs import specialist had previously indicated to plaintiff's undersigned counsel that the subject exclusion protest would be allowed and the goods released.

21. On July 31, 2026, undersigned counsel contacted Supervisory Import Specialist Angel E. Yonke of Customs to inquiry concerning the status of the protest. He received no response.

22. On September 18, 2026, undersigned counsel against contacted Supervisory Import Specialist Yonke to inquire about the status of plaintiff's protest. Again, he received no response.

23. On information and belief, the continued detention and exclusion of plaintiff's merchandise is directed by Customs Trade Remedies Law Enforcement Directorate (TRLED) in connection with an investigation being conducted under the Enforce and Protect Act (EAPA), 19 U.S.C. §1517, into certain *Low Speed Personal Transportation Vehicles*, EAPA Investigation No. 8267.

24. The subject merchandise is not a Low Speed Personal Transportation Vehicle, and is not within the scope of the referenced EAPA investigation.

25. The detention and exclusion of merchandise from entry is not among the "interim measures" that Customs' TRLED is permitted to impose as part of an EAPA investigation.

26. No grounds exist for the continued exclusion of plaintiff's chassis and body panels. The protest should be allowed, and the goods released to plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgement in its favor, and direct the Port Director of Customs at Los Angeles/Long Beach, California to release the subject merchandise to plaintiff; and direct the Port Director of Customs to absorb all storage and detention charges for the merchandise; and to award plaintiff such further and additional relief as this Court may deem just, including but not limited to, storage charges, compensation for economic loss, attorney's fees and court costs.

Respectfully submitted,

NEVILLE PETERSON LLP
Counsel for Plaintiff Good Better Best Inc.
One Exchange Plaza at 55 Broadway
New York, New York 10006
(212) 635-2730
(212) 635-0113 (Fax)
jpeterson@npwny.com

By: /s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder

October 26, 2026